UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JAMES B. PIERCE, et al., )<br>)<br>Defendants ) | 1:22-cv-00281-LEW |

## ORDER ON PLAINTIFF'S MOTION
## FOR ALTERNATE SERVICE

Plaintiff seeks leave to serve Defendant James B. Pierce with the amended complaint via UPS mail. (Motion, ECF No. 33.) The Court construes Plaintiff's motion as a request for alternate service. After review of the motion and the record, the Court grants the motion and authorizes Plaintiff to serve Defendant Pierce via UPS mail and other alternate means.

### FACTUAL BACKGROUND

Plaintiff asserts it has made the following attempts to serve Defendant James B. Pierce:

1. Service was attempted on Defendant Pierce by a process server on October 21, 2023, but was unsuccessful. The process server was told by a female via the call box at the entrance of the building in which Defendant resides that Defendant is out of town, and it is unknown when he will return.

2. Service was attempted on Defendant Pierce by a process server on October 26, 2023, and was told by a female via the call box that Defendant is not in and hung up.

3. Service was attempted on Defendant Pierce by a process server on November 2, 2023, but was unsuccessful. The process server called Defendant from the call box, received a voicemail, and left a message.

4. Service was attempted on Defendant Pierce by a process server on November 4, 2023, but was unsuccessful. The process server called Defendant from the call box and left a message on an automated voicemail.

5. On November 9, 2023, Plaintiff mailed a copy of the Amended Complaint to Defendant via UPS.

6. Plaintiff received notification that Defendant Pierce signed for the delivery of the Amended Complaint on November 15, 2023.

(Affidavit of Matthew Kelly, ECF No. 33-1.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of

abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Plaintiff asks the Court to approve Plaintiff's service of Defendant Pierce by UPS mail. Plaintiff has demonstrated its diligence in its efforts to serve Defendant Pierce by customary methods, has demonstrated that its efforts have been unsuccessful and has demonstrated that further similar efforts are unlikely to be successful as it appears that Defendant Pierce appears to be avoiding service by not responding to the process server's efforts to serve him. The issue is whether the alternate service proposed by Plaintiff (i.e., by UPS) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. The record reflects that through the UPS mail, Defendant Pierce has actual notice of this action.

## CONCLUSION

Based on the foregoing analysis and a review of the record, the Court grants Plaintiff's motion for alternate service and orders that service may be accomplished on Defendant James B. Pierce as follows:

1. Service by UPS as reflected on the docket (ECF No. 33-3); and

2. By posting a copy of the amended complaint, summons, and this order in an envelope addressed to Defendant Pierce at Defendant's residence.

Service shall be deemed complete upon the posting of the amended complaint, summons, and this order at Defendant's residence in accordance with Me. R. Civ. P. 4(g)(1).

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of January, 2024.